UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | CIVIL ACTION NO. 4:17-cv-03842 |
| Plaintiff, | § § § | |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| LOT 13, BLOCK 1 OF SHADOW CREEK RANCH SF-12, A SUBDIVISION IN BRAZORIA COUNTY, TEXAS, | § § § § § § § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER DISMISSING CLAIM AND GRANTING SUMMARY JUDGMENT**

This is an action for civil forfeiture against property located at 12113 Galleon Point in Pearland, Texas. Dkt 1 at ¶ 3. The United States has pending before this Court a motion for summary judgment of forfeiture. Dkt 18.

The United States alleges that A Next Step Company, Limited purchased the property with proceeds of wire fraud. Dkt 1 at ¶¶ 11–13. The United States alleges that in at least one case a victim wired money to Next Step, having been misled into believing she was communicating with a Red Cross worker in need of assistance in Puerto Rico. Id at ¶ 9.

Next Step and its representatives are all based in Ghana. Dkt 15 at ¶ 3. The Court recently ordered Next Step to retain counsel and file a notice of appearance by March 20, 2020. Dkt 23. The Court admonished that it would dismiss Next Step's

claim if new counsel did not appear by that date but would allow Next Step until March 27, 2020 to respond to the United States' motion for summary judgment if counsel did appear.

Next Step has failed to hire counsel or otherwise respond to the United States' motion for summary judgment. Its claim is DISMISSED on that basis.

The Court has also fully reviewed the motion for summary judgment and its attachments. Dkt 18. No opposition was filed.

Property is subject to forfeiture under 18 USC § 981(a)(1) if it is involved in a violation of a federal money laundering statute, 18 USC § 1957, or the federal wire fraud statute, 18 USC § 1343. The United States asserts both in its current action. Dkt 1 at ¶¶ 6, 7; Dkt 18 at 2.

The United States served requests for admissions as to forfeiture on Next Step in June 2019. Dkt 18-1 at 1. Rule 36 of the Federal Rules of Civil Procedure provides that a party admits the truth of a statement "unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." FRCP 36(a)(3). Any such admission is "conclusively established." FRCP 36(b). The Fifth Circuit holds that such admissions may be found on "a broad range of matters, including ultimate facts, as well as applications of law to fact." *In re Carney*, 258 F3d 415, 419 (5th Cir 2001); see also *Murrell v Casterline*, 307 Fed App'x 778, 780 (5th Cir 2008) (unpublished) (failure to respond to requests for admission on essential issue can support summary judgment against that party).

Next Step never responded. Dkt 18-1 at 1. The requests are thus deemed admitted and conclusively established. See *Allen v Ocwen Loan Servicing LLC*, 2015 WL 12778694, *2–3 (SD Tex). These admissions fully establish each element of civil forfeiture, including that "the Defendant Property is subject to forfeiture." Dkt 18-1 at 5 (Request for Admission No 26); see also Dkt 18-1 at 4–5.

The United States made publication notice in July 2019 as provided by law. Dkt 17 (notice of declaration of publication).

No other claims were filed, and the time for making any such claim has expired. See Dkt 18 at 4–5.

The Court GRANTS the motion for summary judgment.

An order of final judgment will follow.

SO ORDERED.

Signed on March 31 2020, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge